Curtis L. MACK, Regional Director of the Tenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

UNITED MINE WORKERS OF AMERICA and United Mine Workers of America Local 1975, Respondents.

Civ.No. 3–78–34.

United States District Court, E. D. Tennessee, N. D.

Feb. 23, 1978.

William E. Caldwell, Atlanta, Ga., for N.L.R.B.

John B. Rayson, Knoxville, Tenn., Ottis B. Meredith, Clinton, Tenn., for respondents.

## MEMORANDUM AS RENDERED

ROBERT L. TAYLOR, District Judge.

[1] The Regional Director, on behalf of the NLRB, faces a relatively insubstantial burden of proof when he petitions a district court for temporary injunctive relief. He need not prove that a violation of the Act has in fact occurred, nor must he convince the Court of the validity of the legal theory upon which he predicates the charge.

> "Rather, he need only demonstrate that he has reasonable cause to believe that the elements of an unfair labor practice are present and that the legal theory upon which he proceeds is 'substantial and not frivolous'."

*See Hirsch v. Building & Const. Trades Council,* 530 F.2d 298 (3rd Cir. 1976); *Accord, Squillacote v. Graphic Arts Intern. Union, AFL–CIO,* 540 F.2d 853 (7th Cir. 1976).

The Court has no hesitation in finding and in holding that the legal theory upon which the plaintiff proceeds in this case is substantial and not frivolous.

As indicated by counsel on each side during this trial, in ruling whether to grant the preliminary injunction the district court does not make credibility determinations, for factual conflicts are to be resolved by the Board when it hears the unfair labor practice charge on its merits. *Squillacote v. Local 248, Meat and Allied Food Workers,* 534 F.2d 735 (7th Cir. 1976); *Samoff v. Const. Trades Council of Delaware,* 378 F.Supp. 261 (D.Del.1974).

Some courts have added the requirement that the district court find that issuance of the injunction would be "just and proper", as those words are found in the statute, and those words have been interpreted to mean that injunctive relief would be "equitably necessary". *See Boire v. Pilot Freight Carriers,* 515 F.2d 1185 (5th Cir. 1975). Under this second standard the court is given some

discretion. One court expressed this additional standard as a requirement of proof that the purpose of this subchapter will be frustrated unless injunctive relief is granted. *Angle v. Sacks,* 382 F.2d 655 (10th Cir. 1967).

The Sixth Circuit dealt with the same defense that is being made by the International Union here, in the case of *Local Union 984, Int. Bro. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL-CIO v. Humko Company, Inc.,* 287 F.2d 231, decided in 1961. The International in that case, as here, maintained that the local union and its sympathizers acted independently of the International, and, therefore, the International is not responsible for the secondary boycott activities of the local members and their sympathizers.

On page 242 of that opinion, the Court said, in part:

"Since Mr. Murtha, as the representative of the parent organization, was an active participant in the activities of the Local at Memphis, and since the secondary boycott at Champaign was conceived in the environment surrounding Mr. Murtha (at Memphis), he and his principal, the International, knew, or should have known, of the secondary boycott in Champaign. By its silence and inaction, the International, through Mr. Murtha, acquiesced in and condoned the illegal activity of the Local Union at a time when there was full opportunity to step in and prevent such activity. Therefore, the International is liable as a principal actor in bringing about a secondary boycott."

■ The same may be said about the International Union in this case. The proof shows that there is reasonable cause to believe that, on at least one occasion, Freddie Wright, an International organizer, participated in some of the picketing that occurred at non-U.M.W. mines and which formed the basis of the charge filed with the N.L.R.B. Under this proof, the International has acquiesced in and condoned such activity and is properly before the Board and this Court as a respondent.

The Court finds and concludes from the evidence in this case that the Regional Director of the Tenth Region of the National Labor Relations Board, the petitioner in this case, had reasonable cause to believe the allegations that both of the defendants engaged in an unfair labor practice in violation of Section 8(b)(4)(i)(ii)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4)(B), affecting commerce within the meaning of Sections 2(6) and (7) of the Act. Furthermore, the Court finds that the proof shows that the issuance of an injunction to prohibit said actions would be just and proper.

Accordingly, petitioner is entitled to an injunction directing the defendants to restrain their Districts and Locals, and their officers, representatives, agents, servants, employees, and all members, and persons acting in concert or participation with them, from engaging in secondary picketing and boycotts, pending the final disposition of the issues involved by the National Labor Relations Board. A separate order granting the temporary injunction will be entered spelling out the specific limits of the injunction.

■ The matter that has given the Court most concern about this case is whether or not this injunction should be confined to the State of Tennessee. In the opinion of the Court, need has not been shown in this case that the injunction reach the International and its members in any state other than Tennessee. Accordingly, the Court will limit the injunction, at this time, to operations in the State of Tennessee.

For the foregoing reasons, it is ORDERED that the Regional Director's petition for a temporary injunction be, and the same hereby is, granted, but said temporary injunction shall apply only to industries affecting commerce that are located in the State of Tennessee. The specific terms of the injunction shall be spelled out in a separate order to be filed forthwith.

This Memorandum Opinion shall constitute the Court's Findings of Fact and Conclusions of Law, serving as the basis for the injunctive relief granted herein and as more specifically described in a separate order to follow.

Order Accordingly.